## John Meehan, Geo. E. Coudy, Fred Pierce and Henry Reineman v. William R. Lammert.

1. WAIVER—*Of Motion to Instruct the Jury to Find for the Defendant.*—Where, at the close of the plaintiff's evidence, the defendant moved the court to instruct the jury to find for him, but after the hearing of all the testimony in the case, he failed to renew it, he was held to have waived his motion to instruct for the defendant.

2. SAME—*Of Assignment of Error.*—Where a party assigns an error but makes no reference to such assignment in his brief and argument, such assignment will be treated as waived, and will not be considered.

**Debt,** on constable bond. Trial in the Circuit Court of Madison County; the HON. WILLIAM HARTZELL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

T. T. HINDE and BURROUGHS & BRO., attorneys for appellants.

R. J. BROWN, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is a suit by appellee against a constable and his bondsmen for selling a wagon, two horses, and a set of harness, scheduled, appraised and selected as exempt. The jury returned a verdict for appellee for $199.99, from which he remitted $117.63, and judgment was rendered for $82.25.

At the close of plaintiff's testimony, defendants moved the court to instruct the jury to find the issues for defendant, which being refused, defendants proceeded to examine witnesses in their behalf. The motion was not renewed after closing the evidence in the case.

Having examined witnesses in their behalf after the close of plaintiff's evidence, and not having renewed their motion after the hearing of all the testimony, appellants have waived their motion made to instruct for defendants.

Appellants assign for error the giving of instructions one, two and three for appellee, and the refusal of the fifth instruction for appellants. As no reference to these assignments is made in the brief and argument of appellants and no errors suggested therein to the instructions given, or any reason stated showing why the fifth instruction was wrongly refused, these assignments will be treated as waived, and will not be considered.

The facts in the case as disclosed by the evidence appear in brief to be, that appellee had a grocery store in Granite

City and was in debt to his father, Louis Lammert, in the sum of $900, and in various sums to firms for merchandise. About September 4, 1897, he sold to his father his stock of groceries and the wagon, horses and harness involved in this suit, in payment of his debt, and delivered possession. He was the head of a family, and while temporarily absent with his family, an attachment was levied on his household goods, and on the stock of groceries, horses, wagon and harness. Three other attachments were subsequently levied. About the 12th of September appellee scheduled, but his schedule was returned by the constable as incomplete in not showing what debts were due appellee. This schedule did not embrace the horses, wagon and harness. About the 25th of September appellee, having been given access to his books, made another schedule showing the accounts due and included the horses, wagon and harness. The property was duly appraised, the wagon, horses and harness being appraised at $82.25, and appellee selected $400 of the appraised property as exempt, including therein the horses, wagon and harness. The constable delivered the property selected except the horses, wagon and harness, which he refused to deliver, and subsequently sold on the four attachments. Upon the trial of the attachment suits Louis Lammert, the father, waived all claims to the horses, wagon and harness so far as the attaching creditors were concerned, and the suits were thereupon dismissed as to him.

Appellants in their brief say:

" We assume the value of the property herein involved, when scheduled and selected by Lammert, was $82.25, the amount for which judgment was rendered in the Circuit Court. The only question here involved is one of law, whether or not the defendant, John Meehan, wrongfully refused to deliver the property to the plaintiff, Wm. R. Lammert.

Appellee is not entitled to recover for two reasons:

1st. He was not the owner of the property when same was levied upon, nor when he demanded same from the constable, Meehan.

2d. He had disposed of all his property except such as

he desired to retain, for the purpose of defrauding his creditors, and for that reason was not entitled to the benefit of the exemption laws of this State."

With reference to the first point made, it may be said that between the dates of the first schedule, which did not contain the property herein sued for, and the second schedule, appellant testifies that he bought the horses, wagon and harness from his father. Two witnesses for appellants testify that in the trial before the justice, appellee testified that his father gave them back to him. In either event, if this testimony was true, he and not his father was the owner of the property when the second schedule was made. The jury by their verdict have found that he was the owner, and there is no valid reason shown to warrant us in saying that their finding is wrong upon this issue.

As to the second point made by appellants, that appellee had disposed of his property for the purpose of defrauding his creditors, it is sufficient to say, that the evidence shows that appellee owed his father $900. This is not contradicted. There is nothing in evidence to show that the property so sold was worth more than $900. If he owed his father $900, he had a legal right to prefer him as a creditor.

While there are some suspicious circumstances connected with the transaction we are not warranted under the evidence in finding that the jury was wrong in their conclusions. Judgment affirmed.